

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. Lee O'Daniel
Governor of Texas
Austin, Texas

Dear Sir:

Opinion No. O-2995
Re: The proper disposition
    of claim for reward of-
    fered for the apprehension
    of Howard Pierson.

The documents enclosed with your letter of December 27, 1940, reveal the following:

On the 20th day of June, 1940, you, as Governor of Texas, offered a reward of Two Hundred and Fifty ($250.00) Dollars for information leading to the apprehension of Howard Pierson, a reward payable on condition of information leading to the delivery of Howard Pierson to a proper officer of the Department of Public Safety of the State of Texas within six (6) months from such date.

It appears that on October 11, 1940, at 2:30 P. M. at Second Avenue South and Third Street in the City of Minneapolis, Minnesota, Howard Merit Pierson was arrested by Captain of Detectives, C. E. McLaskey, without any other person's assistance; and that on or about October 17, 1940, pursuant to a writ of extradition issued by you on the 11th day of October, 1940, Howard Merit Pierson was delivered to Ranger Sergeant Ernest Best and Texas Ranger E. W. Collins, who brought him from Minnesota to Texas and delivered him to the Sheriff of Travis County, Texas.

Captain McLaskey has made claim for the reward of $250.00 in a letter dated December 15, 1940, supported by affidavit of Frank P. Forestal, Superintendent of Police, City of Minneapolis, and a letter from Homer Garrison, Jr., Director, Department of Public Safety, Austin, Texas. You ask the opinion of this department as to the proper disposition of this matter.

Article 1007, Code of Criminal Procedure of Texas, provides:

"The Governor may offer a reward for the apprehension of one accused of a felony in this State who is evading arrest, by causing such offer to be published in such manner as he deems most likely to effect the arrest. The reward shall be paid out of the State Treasury to the person who becomes entitled to it upon a certificate of the Governor reciting the facts which entitle such person to receive it."

While the documents enclosed with your letter, as well as your letter itself, indicate that the claim of Captain McLaskey is the only one which has been filed, and while they indicate that the arrest of Pierson was made by McLaskey without any assistance, they do not negative the fact that McLaskey may have made the arrest upon information furnished him by some other party, leading to the apprehension of Pierson by McLaskey, so that a claim may later be made by such person claiming to have furnished such information. It is suggested that you have Captain McLaskey present his claim in affidavit form, certifying, in addition to the facts of arrest as already stated in the letter, whether or not he made the arrest pursuant to information leading thereto furnished him by some other person.

When this information has been furnished, if it should appear that Captain McLaskey acted alone in the matter, and the Governor should be of the opinion, from the information furnished him, that he is entitled to receive the reward, the provisions of Article 1007 should be followed. That is, a certificate should be prepared for the signature of the Governor reciting the facts concerning the offering of the reward and the facts, which, in the opinion of the Governor, entitle Captain McLaskey to receive the reward, this certificate to be presented to the Comptroller, upon which he may issue the warrant.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _RW Fairchild_

Richard W. Fairchild
Assistant

APPROVED JAN 8, 1941

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

RWF:EP

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN